UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



CHARLES HARGRAVE,

    Petitioner,

v.

No. 03-70737
HON. ARTHUR J. TARNOW

KEN MCKEE,
Warden, Bellamy Creek
Correctional Facility,

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS* [26]

On March 23, 2005, the Court issued an opinion and order denying the petition for writ of habeas corpus. On April 18, 2005, Petitioner filed a motion for issuance of certificate of appealability and a motion to be allowed to continue to proceed *in forma pauperis* to the Court of Appeals for the Sixth Circuit. The court will GRANT both motions.

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253 (c)(1)(A). In order to issue a certificate of appealability, the district court must find that the Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). "A petitioner

Case No. 03-70737
Hargrave v. McKee

satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1034 (2003).

The Court's ego tells it that all reasonable jurists would agree with its resolution of the issues raised by Petitioner. The Court's experience, however, is to the contrary. Thus, the Court's belief in the correctness of its decision should not insulate that decision from further review. *See, e.g., Taylor v. Howes*, 26 Fed. Appx. 397, 399 (6th Cir. 2001). Because the Court is not infallible and does not believe that its decision should be insulated from further review, the Court finds that reasonable jurists could find it debatable whether Petitioner has made a "substantial showing of the denial of a constitutional right." § 2253(c)(2). Therefore, the Court certifies the following issues for appeal:

1. Whether Petitioner is entitled to habeas relief because the prosecution presented insufficient evidence to support his carjacking conviction?

2. Whether Petitioner is entitled to habeas relief because he was denied a fair trial by the trial court's ruling on the exclusion of the August 1999 probate petition filed by the victim's father, which precluded Petitioner's trial counsel from cross examining the victim concerning the probate petition and her psychiatric condition?

3. Whether Petitioner is entitled to habeas relief because his sentence of 18 to 30 years' imprisonment for his carjacking conviction is disproportionate to the carjacking offense, despite the fact that neither the death penalty or a sentence of life imprisonment without parole are implicated?

Case No. 03-70737
Hargrave v. McKee

The Court hereby **GRANTS** Petitioner a Certificate of Appealability pursuant to 28 U.S.C. § 2253.

The Court also **GRANTS** Petitioner's motion to proceed *in forma pauperis* to the Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

Arthur J. Tarnow
United States District Judge

Date: **APR 2 5 2005**

3